UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,                         Criminal No.  06-416-HA

       v.                                  ORDER

JOSE GUADALUPE VARGAS-VICTORIA,

       Defendant.

HAGGERTY, Chief Judge:

     Before the court is defendant's Motion for New Trial [66].  Defendant seeks a new trial under Federal Rule of Criminal Procedure 33, which dictates that a court "may vacate any judgment and grant a new trial if the interest of justice so requires."  The basis for the motion is a claim that the government made impermissible arguments about facts tending to show that the defendant did not have permission to be in the United States.  The criminal statute that defendant was charged and convicted under requires that the government show that at the time of re-entry, the Attorney General had not "expressly consented to such alien's reapplying for admission."  8 U.S.C. § 1326.  Defendant argues that the government's focus on whether permission to enter

1  - ORDER

had been granted was impermissible.  Defendant also seeks additional time for the preparation of a transcript and subsequent filing of a memorandum discussing the transcript.

The court denies defendant's request for additional time and motion for new trial as futile for two reasons.  First, the Ninth Circuit has expressly considered this issue in the context of jury instructions that misstated the pertinent part of the statute as requiring a showing that "the defendant was found in the United States without the consent of the Attorney General of the United States."  *United States v. Cervantes-Flores*, 421 F.3d 825, 834 n.5 (9th Cir. 2005).  The court held that this instruction did not misstate an element of the crime because it can "only refer to the consent of the Attorney General to reapply to the Department of State for admission itself."  *Id.* at 834 (quoting *United States v. Sanchez-Milam*, 305 F.3d 310, 312 (5th Cir. 2002)).  Here, the jury instructions accurately stated the law, and thus even if some argument was slightly off target, under *Cervantez-Flores*, which dealt with a jury instruction, mere argument cannot be enough to constitute error.  Second, the instructions given to the jury stated the elements of the offense correctly, and as was apparent from the jury note and re-instruction, the jury was not confused about the law.

For the foregoing reasons, defendant's Motion for New Trial [66] is DENIED.

IT IS SO ORDERED.

DATED this ___30___ day of April, 2008.

 ___/s/ Ancer L. Haggerty___
 Ancer L. Haggerty
 United States District Judge

2  - ORDER